# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JUNE NEALY,

        Civil Action No. 13-11969

    Plaintiff,

        Honorable Denise Page Hood

v.

VICTOR LOTYCH and MIKE JONES,

    Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART
## DEFENDANTS' MOTION TO DISMISS
## and
## NOTICE SETTING SCHEDULING CONFERENCE

## I.    BACKGROUND

On May 3, 2013, Plaintiff June Nealy ("Nealy") filed the instant suit against Defendants Victor Lotych ("Lotych") and Mike Jones ("Jones") (collectively, "Defendants"), amended on May 22, 2013, alleging: Violation of Civil Rights under 42 U.S.C. § 1983 (Count I); Conspiracy under State Law (Count II); Trespass (Count III); Fraud (Count IV); Abuse of Process (Count V); Intentional Infliction of Emotional Distress (Count VI); and, Intrusion (Count VII).

On March 17, 2013, Jones and Lotych went to Nealy's home in Jonesville, Michigan, to execute an Order to Seize Property pursuant to a civil money judgment against Nealy's former husband, Chad Nealy ("C. Nealy"). (Am. Comp., ¶¶ 1, 16, 17)

C. Nealy stepped out of the home onto the front porch to speak with Jones.  Jones informed C. Nealy that in order to avoid seizure of his truck, C. Nealy had to pay Jones $3,400 in cash.  (Am. Comp., ¶ 18) C. Nealy re-entered the home and shut the front door behind him, but Jones opened the front door and entered the home.  (Am. Comp., ¶ 19) Nealy informed Jones he did not have permission to enter her home and demanded that he leave her home immediately, but Jones refused to comply with Nealy's demand.  (Am. Comp., ¶ 21) Jones informed Nealy that he had a right, under a search warrant issued by the judge, to enter and remain in her home.  (Am. Comp., ¶ 21)  Nealy told Jones that the family had come up with $3,167 cash of the $3,400 required and that she could get the rest of the money from an ATM machine.  (Am. Comp., ¶¶ 22, 23)  Jones responded that Nealy could not leave the home so Nealy asked if they could give them the $3,167 and pay the balance the next day.  (Am. Comp., ¶¶ 23-24) Jones then went outside to confer with Lotych, who remained seated in the car, returned and informed Nealy that her request was denied.  (Am. Comp., ¶¶ 25-26) Jones then seized C. Nealy's truck and towed it away from Nealy's driveway.  (Am. Comp., ¶ 27)

This matter is now before the Court on Defendants' Motion to Dismiss for failure to state a claim or for lack of subject matter jurisdiction.  A response and reply have been filed.

2

## II.    ANALYSIS

### A.    Standard of Review

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]  Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted).  Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation. *Ashcroft v. Iqbal,* 556 U.S. 662, 681  (2009).  In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that

3

content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief. *Id.* Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Rule 12(b)(1) of the Rules of Civil Procedure allows an action to be dismissed for lack of subject matter jurisdiction. In a Rule 12(b)(1) motion, the plaintiff has the burden of proving that the Court has subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp*., 78 F.3d 1125, 1135 (6th Cir. 1996). A Rule 12(b)(1) motion to dismiss is either based on a facial attack or a factual attack of the complaint. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). In a facial attack, the Court considers the sufficiency of the complaint and must accept all factual allegations made therein as true unless clearly erroneous. *Id.* at 326. In contrast, a factual attack does not require the Court to take all factual allegations as true. *Id.* at 325. Rather, the Court must resolve any factual disputes and determine whether it in fact has subject matter jurisdiction. *Id.*

**B.      42 U.S.C. § 1983**

4

Defendants allege that Nealy does not indicate the right violated in her Amended Complaint and fails to provide an actual address where the wrong occurred or "from whence rights to the premises arose." (Motion, p. 3) Defendants argue that there is no allegation of forcible entry or that the Order to Seize property was improperly issued. Defendants assert that C. Nealy invited Jones into the home to count the money. Defendants claim that there is no allegation that Nealy's property was seized, only the property of her ex-husband, C. Nealy. Defendants further claim that the property seized, the truck, was not within the premises. As to Lotych, Defendants assert that the allegations in the Amended Complaint state that he remained in the car and did not approach the home. Defendants claim that the seizure of C. Nealy's truck was a proper post-judgment seizure pursuant to a valid judgment and court order. They argue that there is no authority to accept a payment plan under Michigan statute, M.C.R. 3.106. Defendants assert Count I, the 42 U.S.C. § 1983 claim should be dismissed. Defendants claim that the remaining counts must be dismissed and the Court should not exercise its jurisdiction over these state law claims.

Nealy responds that her Amended Complaint clearly alleges in detail that Defendants violated her rights under the Fourteenth Amendment's guarantee of fundamental rights and personal immunities. She claims that Defendants violated her

5

rights under the Fourth Amendment to be secure in person and property and to be free from unreasonable search and seizure. Nealy asserts that Defendants violated her rights by entering her home without permission and refusing to leave her home upon demand, restricting her freedom of movement by preventing her from leaving the home to withdraw money from an ATM. Nealy asserts that as to her remaining state law claims, she properly made a claim for trespass, intentional infliction of emotional distress, intrusion and fraud.

Nealy alleges that Defendants violated her Fourth and Fourteenth Amendment rights by conducting an illegal search and entry of her home under 42 U.S.C. § 1983. Section 1983 permits individual recovery for certain violations of federal law, requiring a plaintiff to allege 1) state action that 2) deprived an individual of federal statutory or constitutional rights. *Flint v. Ky Dep't of Corr.,* 270 F.3d 340, 351 (6th Cir. 2011). The Fourth Amendment guarantees that an officer may not search for a person named in an arrest warrant in a third-person's house, unless the officer has a search warrant, obtains consent, or faces exigent circumstances. *See Turk v. Comerford,* 488 Fed. App'x 933, 941 (6th Cir. 2012).

Viewing the Amended Complaint under the *Iqbal* and *Twombly* standards, the Court finds that Nealy has sufficiently alleged that Jones entered her home without her consent and refused to leave when Nealy demanded Jones leave her home. (Am.

Comp., ¶¶ 19, 21) Nealy further alleged that Jones told her she could not leave the home in order to go to the ATM.  (Am. Comp., ¶¶ 23-24) Nealy's Amended Complaint sufficiently states a plausible Fourth Amendment claim against Jones that he did not have permission from her to enter her home and that he did not allow her to leave the home.

Although Defendants state in their motion that Jones had the authority to enter the home based on C. Nealy's invitation, such fact is not alleged in the Amended Complaint and the Court's review on a Rule 12(b)(6) motion is only based on the allegations in the Amended Complaint.  At this stage of the litigation, Defendants' claimed defense that Jones was invited by C. Nealy to enter the home cannot be considered by the Court.[1]

In addition, the Court also cannot consider the validity of the Order of Seizure as to C. Nealy's truck since Nealy's Amended Complaint alleges violations of her Fourth Amendment rights, not C. Nealy's constitutional rights.  Nealy does not allege in her Amended Complaint that the Order of Seizure was invalid as to C. Nealy.

As to Lotych, the Amended Complaint fails to allege any personal involvement by Lotych as to Nealy's Fourth Amendment claim since he did not enter the home and

---

[1] Nealy supplemented her response by filing various Affidavits and other documents, which the Court will not consider in a Motion to Dismiss under Rule 12(b)(6).

did not tell Nealy she could not leave the home. The Amended Complaint specifically alleges that Lotych remained in the car and did not approach the home. (Am. Comp., ¶¶ 25-26) Mere presence at the scene of a search, without a showing of direct responsibility for the action, will not subject an officer to liability. *Ghandi v. Police Dept. of the City of Detroit,* 747 F.2d 338, 352 (6th Cir. 1984); *Rizzo v. Goode,* 423 U.S. 362 (1976). Nealy has failed to allege any plausible facts that Lotych violated her constitutional right under the Fourth Amendment. Lotych is dismissed as to Nealy's federal constitutional claim in Count I.

As to the remaining state law claims in Counts II through VII, Defendants merely claim that this Court should not exercise its jurisdiction over these state law claims. Since the Court has not dismissed the federal constitutional claim in Count I, the Court will not exercise its discretion to dismiss the state law claims at this time. *See* 28 U.S.C. § 1367(c). The Court denies without prejudice Defendants' motion to dismiss regarding the state law claims. It is noted Defendants did not set forth the factors and law regarding the state law claims in order for the Court to determine whether Nealy has properly alleged the state law claims in her Amended Complaint. Although it appears that Lotych remained in the car during the exchange between Jones and Nealy, since Nealy alleged conspiracy under state law against both Defendants, the Court cannot determine, at this time, whether Defendants did

8

conspire to violate Nealy's state law claims alleged in Counts II to VII. Defendants have not sufficiently supported their request to dismiss the state law claims and the Court denies without prejudice Defendants' Motion to Dismiss the state law claims in Counts II and VII.

## III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendants' Motion to Dismiss **(Doc. No. 10)** is GRANTED IN PART and DENIED IN PART as more fully set forth above. Defendant Victor Lotych only is DISMISSED as to Count I.

IT IS FURTHER ORDERED that a Scheduling Conference is set for **Monday, October 20, 2014, 2:30 p.m.**


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  September 29, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 29, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager