UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUNE NEALY,

        Plaintiff,

v.

VICTOR LOTYCH and MIKE JONES,

        Defendants.
_____/

Civil Action No. 13-11969

Honorable Denise Page Hood

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT
### and
### DISMISSING ACTION

**I.**    **BACKGROUND**

On May 3, 2013, Plaintiff June Nealy ("Nealy") filed the instant suit against Defendants Victor Lotych ("Lotych")(correct spelling, Lotycz) and Mike Jones ("Jones") (collectively, "Defendants"), amended on May 22, 2013, alleging: Violation of Civil Rights under 42 U.S.C. § 1983 (Count I); Conspiracy under State Law (Count II); Trespass (Count III); Fraud (Count IV); Abuse of Process (Count V); Intentional Infliction of Emotional Distress (Count VI); and, Intrusion (Count VII).

On March 17, 2013, Jones and Lotych went to Nealy's home in Jerome, Michigan, to execute a November 27, 2012 Order to Seize Property issued by the 2B District Court, State of Michigan pursuant to a civil money judgment against Nealy's

former husband, Chad Nealy ("C. Nealy"). (Doc. No. 46, Ex. A) The amount due on the Order to Seize when issued was $2,647.92. *Id.* The Order to Seize directed Lotych to serve and execute the order. (Doc. No. 46, Ex. B) Lotych was accompanied by several assistants, including Jones, a duly sworn court officer, and David Beauregard, a tow truck driver with Sparks Towing, Inc. (Doc. No. 46, Ex. C)

Upon arrival at the residence, Jones approached the back door to serve C. Nealy with a copy of the Order to Seize, but no one answered the door. (Doc. No. 46, Ex. E, ¶ 8) Nealy thereafter appeared advising the court officers that she was also a court officer and was familiar with post-judgment seizure process. *Id.* at ¶. Nealy advised the court officers that C. Nealy was not in the residence, but after the tow truck driver proceeded to load the GMC Truck, Nealy indicated C. Nealy was inside the residence sleeping. *Id.* at ¶¶ 11-13. Nealy went inside the residence to get C. Nealy who then came outside and was served with the Order to Seize. *Id.* at ¶¶ 13-15.

Lotych informed C. Nealy of the amount due under the Order to Seize and that if C. Nealy were to pay the amount, the vehicle would not be seized. *Id.* at ¶ 18. Nealy then asked if she could go to the ATM to get money, but she was advised by Lotych that they would not wait for her to return before seizing C. Nealy's GMC Truck. *Id.* at ¶ 19. Nealy then went into the residence, while C. Nealy turned over the keys to the GMC Truck to the officers and removed his personal belongings from the

2

truck. *Id.* at ¶¶ 20-21.

Nealy reappeared at the door of the residence and motioned for Jones to come speak with her. *Id.* at ¶ 22. Nealy then invited Jones into the residence to count the money Nealy had gathered to pay the judgment. *Id.* at ¶¶ 23-24. Jones counted the money while in the residence and determined that the amount was less than the judgment amount. *Id.* at ¶ 25. Jones then yelled out the open door to Lotych to ask if he would accept less than the full amount owed on the judgment and Lotych advised Jones that he would not. *Id.* at ¶ 26. Jones then left the residence and returned to his vehicle and had no further contact with Nealy that day. *Id.* at ¶¶ 27-28. Jones asserts that he did not perform a search of the residence and was only inside for a few minutes to count the money Nealy had told him to count. *Id.* at ¶¶ 30-31. Jones claims Nealy was not restricted from moving in and out of the residence and she was free to leave at any time. *Id.* at ¶¶ 32-34. C. Nealy's GMC Truck was thereafter seized. *Id.* at ¶ 35.

Both Nealy and C. Nealy later appeared at Sparks Towing in Garden City, Michigan where the GMC Truck was taken. *Id.* at ¶ 35. Nealy had reported the car stolen by Jones and Lotych and a Garden City Police Officer who was also at the towing company. *Id.* Jones showed the police officer the paperwork and the vehicle registration showing that it was C. Nealy who owned the vehicle, not Nealy. *Id.* at ¶

3

36. The police officer then left the premises. *Id.*

C. Nealy thereafter gave Jones the money to redeem the GMC Truck, but was $100 short of the amount. *Id.* at ¶ 38. C. Nealy returned to the car where Nealy was waiting and obtained an additional $100. *Id.* at ¶ 39. Both C. Nealy and Nealy went into the office of Sparks Towing, at which time Nealy became verbally assaultive toward Lotych. *Id.* at ¶¶ 40-41. Jones had to intervene in order to prevent a physical assault by Nealy on Lotych. *Id.* at ¶ 41. C. Nealy thereafter paid the redemption amount and signed a hold harmless agreement. *Id.* at ¶ 42.

This matter is now before the Court on Defendant Jones' Motion for Summary Judgment filed February 17, 2015, joined by Defendant Lotych. A late response was filed by Plaintiff Nealy. Replies were filed by Defendants Jones and Lotych. It is noted that Lotych was dismissed by the Court as to Nealy's Section 1983 Fourth Amendment Claim only, but the state law claims against Lotych remain. (Order, Doc. No. 19)

## II. ANALYSIS

### A. Standard of Review

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

    **B.**    **Rooker-Feldman Doctrine**

Jones argues that Nealy has no standing to challenge the Order to Seize since

she was not a party to the Order. C. Nealy was the subject of the Order to Seize. Jones claims that inasmuch as Nealy is challenging the Order to Seize issued by the state court, this Court should decline to review the validity of said order under the *Rooker-Feldman* doctrine. *See, Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). Nealy responds that Jones and Lotych did not have the authority to execute the Order to Seize since the residence was outside of their jurisdiction.

Under the *Rooker-Feldman* doctrine, a federal district court has no authority to review final judgments of state court judicial proceedings; review of such judgments may be had in the United States Supreme Court. *Feldman,* 460 U.S. at 482. To the extent that a federal district court is requested to review a state court's order, the federal district court lacks subject-matter jurisdiction over those complaints. Lower federal courts possess no power whatever to sit in direct review of state court decisions. If constitutional or any federal claims presented to a federal district court are inextricably intertwined with a state court's judicial proceeding, then the federal district court is in essence being called upon to review the state-court decision, which the federal district court may not do. *Id.* at 483.

Based on the *Rooker-Feldman* doctrine, to the extent Nealy seeks review of the Order to Seize, the Court declines to review the validity of the Order to Seize issued

by the state court. Nealy submitted no evidence that C. Nealy challenged the Order to Seize before the state courts. As noted by Jones in his reply, Nealy's counsel admitted before the Magistrate Judge that the Order to Seize was signed by a judge and that there was no allegation that the judge's signature was forged. Nealy's counsel also admitted that Nealy was not a party to the Order to Seize. (Doc. No. 62, Ex. O) The Court grants Jones' Motion for Summary Judgment on any claim that the Order to Seize should be set aside.

### C. 42 U.S.C. § 1983 / Fourth Amendment Claim (Count I)

Jones moves for summary judgment as to Nealy's § 1983 Fourth Amendment claim to be secure in her person and property from unreasonable search and seizure. Nealy responds that the allegations in her Complaint are sufficient under Rule 12(b)(6). Nealy submitted an affidavit by Michael Zuccaro that in other instances outside of the events at issue, Jones stole some items during non-related eviction proceedings. Jones replies that this motion is brought under Rule 56 and that Nealy failed to adequately support her response. Jones claims that Zuccaro's affidavit is not relevant to the events at issue in this case and is unreliable since Zuccaro was fired by Jones.

Section 1983 permits individual recovery for certain violations of federal law, requiring a plaintiff to allege 1) state action that 2) deprived an individual of federal

statutory or constitutional rights. *Flint v. Ky. Dep't of Corr.,* 270 F.3d 340, 351 (6th Cir. 2011). The Fourth Amendment guarantees that an officer may not search for a person named in an arrest warrant in a third-person's house, unless the officer has a search warrant, obtains consent, or faces exigent circumstances. *See Turk v. Comerford,* Case No. 11-3682, 488 F. App'x 933, 941 (6th Cir. Jul. 17, 2012).

Jones has supported his argument that he did not violate Nealy's Fourth Amendment rights. His affidavit indicates that Nealy invited him into the residence to count the money she had gathered in order to pay the judgment. Jones then left the residence and performed no search of the home. The Order to Seize authorized the court officer to seize any personal property of ***C. Nealy*** to satisfy the judgment and costs, "wherever located." (Doc. No. 46, Ex. A) Jones' affidavit also asserts that Nealy was not restricted from moving in and out of the residence, nor prevented from leaving the property.

Nealy failed to submit any facts to rebut Jones' statements in his affidavit. Nealy's submission of the Zuccaro affidavit is insufficient to create a genuine issue of any material fact related to the underlying facts in this case. The Zuccaro affidavit does not address any events alleged in ***this*** case. Although Nealy claims she was not able to depose either Jones and Lotych as ordered by the Magistrate Judge, this did not prevent Nealy from submitting an affidavit in response to Jones' Motion for Summary

Judgment to support her claim that Jones violated her Fourth Amendment right when Jones entered the home. It is noted that the Magistrate Judge entered an Order on January 22, 2015 extending the discovery for 45 days for Nealy to depose Jones and Lotych. (Doc. No. 38) Nealy claims the Magistrate Judge extended discovery for 90 days, but the Order indicates 45 days. Nealy claims that attempts were made to depose Jones and Lotych, but that the requests were denied because such were untimely. Nealy does not state the dates when the depositions were requested. The docket does not show any motion filed by Nealy seeking an order to compel such depositions. Nealy has not carried her burden to show that the depositions were denied in violation of the Magistrate Judge's order. As noted above, Nealy was not prevented from submitting her own affidavit asserting facts to rebut Jones' affidavit.

Based on the affidavit submitted by Jones and the arguments in his motion and reply, Jones has carried his burden to show that he did not violate Nealy's Fourth Amendment right to be free from any unlawful search or seizure. Summary judgment is granted as to Count I of the Complaint and the Section 1983 Fourth Amendment claim is dismissed with prejudice.[1]

---

[1] Jones argues that the Court should dismiss the Section 1983 unlawful imprisonment claim based on "governmental immunity," citing M.C.L. Sec. 691.1407(2). However, governmental immunity only applies to state tort claims. "Qualified immunity" applies to federal Section 1983 claims. *See, Saucier v. Katz,* 533 U.S. 194, 201 (2001). If no constitutional right is violated, there is no necessity for further inquiries concerning qualified immunity. *Id.* Because the Court has found no constitutional violation, no further inquiry as to qualified

**D.    State Law Claims**

Jones requests that the Court decline to exercise its discretion to review the state law claims and to dismiss such under 28 U.S.C. § 1367(c).  In the event the Court seeks to exercise its jurisdiction over the state law claims, Jones seeks summary judgment as to those claims. Lotych joins Jones' arguments as to the state law claims. The Court addresses the state law claims and the required elements below.

**1.    State Law Conspiracy (Count II)**

Nealy alleges in her First Amended Complaint that Lotych and Jones conspired to commit state law claims of extortion, conversion, criminal trespass, fraud and misrepresentation.  (Doc. No. 4, Count II) Nealy did not allege separate counts for extortion and conversion.  The Court need not address these two claims alleged in Nealy's conspiracy count since she did not allege separate underlying torts for extortion and conversion. *Rondigo, LLC v. Township of Richmond,* 522 F. App'x 283, 287 (6th Cir. 2013)(citing *Early Det. Ctr., P.C. v. New York Life Ins. Co.,* 157 Mich. App. 618, 632 (1986)(A civil conspiracy claim cannot "exist in the air.")).  As to the remaining torts of trespass, fraud and misrepresentation, for the reasons set forth below, those claims are dismissed.  The conspiracy claim is therefore dismissed since

---

immunity is required.

the underlying state tort claims are dismissed.

### 2. Trespass (Count III)

To prevail on a common law trespass claim in Michigan, a plaintiff must show that there was an intentional unauthorized intrusion or invasion of the private premises or lands of another. *Terlecki v. Stewart*, 278 Mich. App. 644, 653-54 (2008). As noted above, Jones has shown that the Order to Seize allowed the officers to enter the premises to satisfy the judgment against C. Nealy. Jones' statement in his affidavit shows that Nealy invited him into the residence to count the money is unrebutted. The trespass claim in Count III is dismissed.

### 3. Fraud (Count IV)

Under Michigan law, to prove that a defendant committed fraudulent misrepresentation, a plaintiff must prove six elements: 1) the defendant made a material representation; 2) the representation was false; 3) when the defendant made the representation, it knew it was false or made the representation recklessly, without any knowledge of its truth, and as a positive assertion; 4) the defendant made the representation with the intention that it should be acted on by plaintiff; 5) the plaintiff acted in reliance on the representation; and 6) the plaintiff suffered injury due to his reliance on the representation. *Hord v. Envtl. Research Inst. of Mich.*, 463 Mich. 399, 404 (2000).

Nealy alleges in her First Amended Complaint that Lotych and Jones used false representation of the facts to enter Nealy's home without permission and caused her to believe that they had a search warrant to enter the residence. (Doc. No. 4, Count IV) As set forth in the above analysis, Jones has supported his argument that he and Lotych entered the property pursuant to an Order to Seize any personal property of C. Nealy in order to satisfy a judgment. This representation was not false. As to entering the residence, Jones has established that he entered the residence at Nealy's request to count the money. Jones' affidavit is unrebutted. The fraudulent misrepresentation claim in Count IV is dismissed.

### 4. Abuse of Process (Count V)

A plaintiff alleging an abuse of process claim must prove an ulterior purpose and an act in the use of process that is improper in the regular prosecution of the proceeding. *Early Detection,* 157 Mich. App. at 629. The Order to Seize issued as to C. Nealy has not been challenged by C. Nealy. Nealy has failed to rebut Jones' assertion that he and Lotych were at the residence to execute the Order to Seize. Jones has carried his burden that the execution of the Order to Seize was proper and in the regular course of post-judgment proceedings under Michigan law. The Abuse of Process claim in Count V is dismissed.

### 5. Intentional Infliction of Emotional Distress (Count VI)

In Michigan, a plaintiff alleging an intentional infliction of emotional distress claim mst show that a defendant's conduct was "extreme and outrageous" causing "severe emotional distress." *Id.* at 626. Jones has established that he and Lotych were merely executing the Order to Seize issued by the state court. This conduct is not extreme or outrageous since they were executing and enforcing a state court's order. Nealy has failed to rebut the affidavit submitted by Jones. The intentional infliction of emotional distress claim in Count VI is dismissed.

### 6. Intrusion (Count VII)

A plaintiff alleging an intrusion claim in Michigan must prove: 1) an intrusion by defendant; 2) into a matter which plaintiff has a right to keep private; 3) by the use of a method which is objectionable to a reasonable person. *Id.* at 835. As noted above, Jones has shown that he was invited into the residence by Nealy to count the money. Nealy has not rebutted this assertion and so cannot meet the elements of an intrusion claim. The intrusion claim in Count VII is dismissed.

### E. Defendants' Counterclaim

On October 18, 2014, Jones and Lotych filed their Answer, along with a Counter-Complaint alleging state law claims of Assault (Count I) and Interference with Court Officer in the Course of His Duties (Count II). (Doc. No. 20) No dispositive motion has been filed by any party as to the Counter-Complaint filed by

Jones and Lotych. The district court, having dismissed the federal claim under 42 U.S.C. § 1983 alleged by Nealy and the related state law claims alleged in Nealy's Complaint, the Court dismisses without prejudice the Counter-Complaint filed by Jones and Lotych.

The district court "may decline to exercise supplemental jurisdiction" if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed." *Musson Theatrical v. Fed. Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). The district court has broad discretion in deciding whether to exercise supplemental jurisdiction over state law claims. *Carmichael v. City of Cleveland,* Case No. 12-2657, 571 F. App'x 426, 434 (6th Cir. Jul. 7, 2014). Because the claims filed by Jones and Lotych are alleged in a separate Counter-Complaint against Nealy and Nealy's 42 U.S.C. § 1983 claim for Fourth Amendment claim of unreasonable search and seizure has been dismissed as noted above, the Court dismisses without prejudice the Jones and Lotych Counter-Complaint under 28 U.S.C. § 1367(c)(3), which may be refiled in the appropriate state court.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Mike Jones' Motion for Summary Judgment **(No. 46)** is GRANTED.

IT IS FURTHER ORDERED that Defendant Victor Lotych's Joinder and Concurrence to the Motion for Summary Judgment **(No. 48)** is GRANTED.

IT IS FURTHER ORDERED that Defendants are DISMISSED from this action and this action is DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Counterclaim **(No. 20)** is DISMISSED without prejudice.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 31, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 31, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager